UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| JACQUELINE WASHINGTON | § | DOCKET NO.: |
| VERSUS | § | JUDGE |
| BROOKSHIRE GROCERY COMPANY | § | MAGISTRATE JUDGE |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes **BROOKSHIRE GROCERY COMPANY**, defendant herein, who, respectfully represents that:

1.

Plaintiff, **JACQUELINE WASHINGTON**, has asserted a civil cause of action against **BROOKSHIRE GROCERY COMPANY** seeking to recover damages for personal injuries allegedly sustained as a result of a slip and fall which allegedly occurred on or about December 9, 2022, in Mansfield, Desoto Parish, Louisiana.

2.

Defendant, **BROOKSHIRE GROCERY COMPANY**, is incorporated in the State of Texas, and its principal place of business is in the State of Texas.

3.

Plaintiff, **JACQUELINE WASHINGTON**, upon information and belief, is a citizen of the State of Louisiana.

4.

The Petition for Damages of **JACQUELINE WASHINGTON** was filed in the Forty-Second Judicial District Court, Desoto Parish, Louisiana, on October 31, 2023.  A copy of the Petition is attached hereto as Exhibit "A".

5.

Although no responsive pleadings have been filed in the state court proceeding, undersigned counsel does represent **BROOKSHIRE GROCERY COMPANY**, the defendant named in this case.

6.

Article 893 A(1) of the Louisiana Code of Civil Procedure provides:

*No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.*

7.

Despite the mandate of Article 893 A(1) as set forth above, plaintiff made no allegation in the Petition regarding the amount in controversy. Specifically, there was no reference to the $75,000.00 threshold necessary for removal of the state court action to federal court under 28 U.S.C. Section 1332(a). Thus, the amount in controversy is not ascertainable based on the Petition filed on behalf of plaintiff.

8.

Plaintiff does allege in Paragraph 4 of the Petition that she suffered injury and pain as follows:

> "A. Head injury and pain, including, but not necessarily limited to:
>
>   i. Headaches.
>   ii. Dizziness.
>   iii. Contusion of head.
>   iv. Concussion.
>   v. Occipital neuralgia.
>   vi. December 9, 2022 slip and fall made headaches worse.
>
> B. Neck injury and pain, including but not necessarily limited to:
>
>   i. Neck pain that radiates into bilateral cervical paraspinals, bilateral parascapular regions, bilateral shoulders, bilateral occiput, as well as the supraclavicular regions and left upper extremity.
>   ii. Neck pain that radiates into the left scapula and left upper extremity all the way into the left hand, as well as pain in the left supraclavicular region.

   iii. Neck pain that radiates into the left cervical paraspinal, left suprascapular region, left supraclavicular region, left parascapular region, left axilla, left medial upper extremity, and all the way into the left hand.

   iv. Neck pain that radiates into the scapular/supraclavicular.

   v. April 4, 2023 MRI of the cervical spine showing, among other things, disc bulge osteophyte complexes, as well as an increase in size of the central/left paracentral disc extrusion at C7-T1.

   vi. December 9, 2022 slip and fall made neck pain worse.

  C. Right knee injury and pain."

9.

Plaintiff also itemizes damages in Paragraph 6 of the Petition as follows:

 "A. Physical pain, suffering and injury;

 B. Mental anguish and emotional distress;

 C. Present, past, and future medical expenses; and

 D. Loss of enjoyment of life."

10.

Prior to filing of suit, counsel for plaintiff did submit correspondence to **BROOKSHIRE GROCERY COMPANY** wherein demand was made for $456,673,19 and wherein it was asserted that plaintiff would undergo "future scheduled surgery for bulging discs. . ."

11.

There is complete diversity of citizenship between the plaintiff and defendant.

12.

**BROOKSHIRE GROCERY COMPANY** was served with plaintiff's Petition for Damages through its agent for service of process, CT Corporation, on November 7, 2023.

13.

This Removal is timely in that it is filed within thirty days from service of the Petition on **BROOKSHIRE GROCERY COMPANY**.

14.

Pursuant to 28 U.S.C. Section 1332(a), this court has original jurisdiction over this matter.

15.

This matter is properly removable to the Western District of Louisiana, Shreveport Division, from the state court in DeSoto Parish, Louisiana.

16.

Upon filing of this Notice of Removal, **BROOKSHIRE GROCERY COMPANY** will give written notice to plaintiff and will file a copy of the Notice of Removal with the Clerk of Court of the Forty-Second Judicial District Court for the Parish of DeSoto.

WHEREFORE, **BROOKSHIRE GROCERY COMPANY** prays that this Notice of Removal be deemed good and sufficient and that the suit entitled "Jacqueline Washington v. Brookshire Grocery Company," Number 84555 on the docket of the Forty-Second Judicial District Court, DeSoto Parish, Louisiana, shall be removed to this Court and that the Forty- Second Judicial District Court, DeSoto Parish, Louisiana, case shall proceed no further therein, unless the case is remanded.

                Respectfully submitted,

                LUNN IRION LAW FIRM LLC

8670 Box Road, Building A
Shreveport, LA 71106      By:      /s/ James A. Mijalis
Phone:  (318) 222-0665            JAMES A. MIJALIS
Fax:  (318) 220-3265              Bar No. 17057
Email: jam@lunnirion.com    ATTORNEYS  FOR DEFENDANTS, BROOKSHIRE GROCERY COMPANY

## **CERTIFICATE**

I HEREBY CERTIFY that on November 15, 2023, a copy of the foregoing *Notice of Removal* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. Murphy J. White and Ms. Adrienne D. White by operation of the court's electronic filing system and via email.

/s/ James A. Mijalis<br>OF COUNSEL